USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/29/2026

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ X
                                                    :

SMOOT INVESTMENTS INC.,                      :
                                                    :

                                  Plaintiff,     :               1:26-cv-1240-GHW
                                                    :

                            - v -           :        MEMORANDUM
                                                    :        OPINION & ORDER

SPOTIBLE, INC., *et al.*,                 :
                                                    :

                                  Defendants.  :
                                                    :
------------------------------------------------------------------ X

GREGORY H. WOODS, United States District Judge:

Defendant Spotible, Inc. ("Spotible") borrowed $92,000.00. Its debt is represented by a promissory note. The company's president, Defendant Dana Ghavami personally guaranteed Spotible's obligations under that note. Spotible stopped paying its debt; and Mr. Ghavami failed to make good on his guaranty. Plaintiff Smoot Investments Inc. currently owns the note and has moved for summary judgment against both Defendants, seeking the outstanding principal, accrued interest at the contractual default rate, and an award of attorneys' fees and costs. Defendants elected not to oppose Plaintiff's motion. Because the undisputed facts demonstrate that Defendants failed to pay what they owe under the note and guaranty, Plaintiff's motion for summary judgment is GRANTED.

## I. BACKGROUND

### A. Factual Background[1]

Plaintiff Smoot Investments Inc. ("Smoot") is a corporation organized under the laws of the State of West Virginia, with its principal place of business in West Virginia. 56.1 Statement ¶ 1. Defendant Spotible, Inc. ("Spotible") is a corporation organized under the laws of the State of

---

[1] The facts are taken from the plaintiff's Local Rule 56.1 statement, Dkt. No. 32-8 ("56.11 Statement"), and the other documents submitted in connection with the plaintiff's summary judgment motion.

Delaware, with its principal place of business in New York. *Id.* ¶ 2. Defendant Dana Ghavami is a citizen of New York. *Id.* ¶ 3.

On or about December 23, 2019, Defendant, through its president, Mr. Ghavami, executed and delivered to Santander Bank, N.A. ("Santander"), a promissory note (the "Note") for a business loan in the principal sum of $92,000.00. *Id* ¶ 6. The Note is governed by New York law. Dkt. No. 32-3 ("Note") at 2. Interest accrues on the note at the Prime Rate plus 4.5%. *Id.* at. 1. That rate is increased by 8% following the borrower's default. *Id.* at 3; 56.1 Statement ¶ 9. In addition, upon default, Spotible is obligated to pay all costs and expenses incurred by Plaintiff in recovering the sums due under the Note, including its attorneys' fees. 56.1 Statement ¶ 10; Note at 2.

On December 17, 2025, the Note was assigned and transferred by Santander to Plaintiff pursuant to an allonge that was permanently affixed to the Note. Dkt. No. 32-2. As a result, Plaintiff is the owner of the Note. 56.1 Statement ¶ 8.

Contemporaneously with the execution of the Note, Mr. Ghavami delivered to Santander a guaranty of Spotible's obligations under the Note. Dkt. No. 32-4 (the "Guaranty"); 56.1 Statement ¶ 7. Like the Note, the Guaranty is also governed by New York law. Guaranty at 3. Pursuant to the terms of the Guaranty, Mr. Ghavami "absolutely and unconditionally guarantees full and punctual payment and satisfaction of the indebtedness of Borrower to Lender." *Id.* at 1. Mr. Ghavami expressly authorized the original lender to sell the indebtedness guaranteed by the Guaranty and to transfer the Guaranty itself. *Id.*

Spotible defaulted under the terms of the Note as of December 31, 2024. 56.1 Statement ¶ 12. The last payment made by Defendants on the Note was on November 30, 2024. *Id.* On March 10, 2025, Santander sent Defendants a notice of default and a demand letter, identifying the Note, the default, the applicable default interest rate, and the amounts then due and owing. *Id.* ¶ 13.

As of May 26, 2026, Spotible was indebted to Plaintiff in the principal sum of $89,200.00, together with interest from November 30, 2024 in the sum of $23,140.46, for a total sum of

$112,340.46.  *Id.* ¶ 14.  Interest has continued to accrue at the default rate set forth in the Note. *Id.* ¶ 15.  Mr. Ghavami is personally liable for those amounts pursuant to the Guaranty.  *Id.* ¶ 14.  The defendants are also liable for the amount of attorneys' fees and costs arising from this enforcement action.

### B.    Procedural History

Plaintiff filed this action on February 13, 2026.  Dkt. No. 1.  In its complaint, Plaintiff asserted claims against Spotible and Mr. Ghavami arising out of Defendants' failure to make payments due under the Note and Guaranty.  Spotible was served through the New York Secretary of State on February 20, 2026.  Dkt. No. 7.  Mr. Ghavami was personally served on February 25, 2026.  Dkt. No. 8.

On March 30, 2026, counsel appeared on behalf of both Defendants.  Dkt. No. 13.  At the parties' request, the Court granted a request for an extension of time for Defendants to answer or otherwise respond to the complaint.  Dkt. No. 19.  On April 13, 2026, Defendants filed their answer, asserting fifteen affirmative defenses.  Dkt. No. 21 ("Answer").

On April 28, 2026, Plaintiff filed a letter motion requesting a pre-motion conference regarding an anticipated motion for summary judgment.  Dkt. No. 22.  The Court granted the request and scheduled the pre-motion conference to coincide with the initial pretrial conference on May 7, 2026.  Dkt. No. 24.  The initial pretrial conference was held on May 7, 2026.  Following the conference, on May 8, 2026, the Court issued a case management plan and scheduling order.  Dkt. No. 30.  That order established a discovery schedule, including a fact discovery deadline of September 4, 2026, and an expert discovery deadline of October 19, 2026.  *Id.*

Also on May 8, 2026, the Court issued a separate order establishing the briefing schedule for Plaintiff's motion for summary judgment.  Dkt. No. 31.  That order anticipated the possibility that Defendants would seek to oppose any motion for summary judgment pursuant to Federal Rule of Civil Procedure 56(d) given that fact discovery had not been completed.  As a result, the order stated

that if Defendants chose to oppose the motion pursuant to Federal Rule of Civil Procedure 56(d), their opposition was due no later than two weeks after the date of service of Plaintiff's motion. *Id.* Alternatively, if Defendants chose to oppose the motion substantively, their opposition was due no later than four weeks after the date of service of Plaintiff's motion. *Id.*

On May 27, 2026, Plaintiff timely filed its motion for summary judgment and supporting papers. Dkt. No. 32. As a result, Defendants' opposition was due on June 24, 2026. As of the date of this opinion, Defendants have not filed any opposition to the motion.

## II.    LEGAL STANDARD

### A.    Motions for Summary Judgment Generally

Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). A genuine dispute exists where "the evidence is such that a reasonable jury could return a verdict for the nonmoving party," while a fact is material if it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "Factual disputes that are irrelevant or unnecessary will not be counted." *Id.*

To defeat a motion for summary judgment, the non-movant "must come forward with 'specific facts showing that there is a genuine issue for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (quoting former Fed. R. Civ. P. 56(e)) (emphasis omitted). "The mere existence of a scintilla of evidence in support of the [non-movant's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [non-movant]." *Anderson*, 477 U.S. at 252. Moreover, the non-movant "must do more than simply show that there is some metaphysical doubt as to the material facts," *Matsushita*, 475 U.S. at 586, and he or she "may not rely on conclusory allegations or unsubstantiated speculation," *Fujitsu Ltd. v. Fed. Express Corp.*, 247 F.3d 423, 428 (2d Cir. 2001) (quotation omitted).

In determining whether there exists a genuine dispute as to a material fact, the Court is "required to resolve all ambiguities and draw all permissible factual inferences in favor of the party against whom summary judgment is sought." *Johnson v. Killian*, 680 F.3d 234, 236 (2d Cir. 2012) (quotation omitted). The Court's job is not to "weigh the evidence or resolve issues of fact." *Lucente v. Int'l Bus. Machs. Corp.*, 310 F.3d 243, 254 (2d Cir. 2002); *see also Hayes v. N.Y.C. Dep't of Corr.*, 84 F.3d 614, 619 (2d Cir. 1996). "Assessments of credibility and choices between conflicting versions of the events are matters for the jury, not for the court on summary judgment." *Jeffreys v. City of New York*, 426 F.3d 549, 553 (2d Cir. 2005) (quotation omitted).

Still, "[t]he possibility that a material issue of fact may exist does not suffice to defeat the motion; upon being confronted with a motion for summary judgment the party opposing it must set forth arguments or facts to indicate that a genuine issue—not merely one that is colorable—of material fact is present." *Gibson v. Am. Broad. Cos.*, 892 F.2d 1128, 1132 (2d Cir. 1989).

### B.    Unopposed Summary Judgment Motions

Federal Rule of Civil Procedure 56 "does not allow district courts to automatically grant summary judgment on a claim simply because the summary judgment motion, or relevant part, is unopposed." *Jackson v. Federal Express*, 766 F.3d 189, 194 (2d Cir. 2014). Before granting an unopposed summary judgment motion, "the district court must ensure that each statement of material fact is supported by record evidence sufficient to satisfy the movant's burden of production even if the statement is unopposed." *Id.* "And, of course, the court must determine whether the legal theory of the motion is sound." *Id.* "To sum up, when a party, whether *pro se* or counseled, fails to respond to an opponent's motion for summary judgment, a district court may not enter a default judgment." *Id.* at 197. "Rather, it must examine the movant's statement of undisputed facts and the prof[f]ered record support and determine whether the movant is entitled to summary judgment." *Id.*

Rule 56 "requires that a grant or denial of summary judgment is accompanied by an explanation." *Id.* at 196. "However, absent some indication of a material issue being overlooked or an incorrect legal standard being applied, [the Second Circuit does] not require district courts to write elaborate essays using talismanic phrases." *Id.* at 196–97. When a counseled party elects not to oppose a motion for summary judgment, "there is no need for a district court to robotically replicate the defendant-movant's statement of undisputed facts and references to the record . . . ." *Id.* at 197. "[I]n the case of a counseled party, a court may, when appropriate, infer from a party's partial opposition that relevant claims or defenses that are not defended have been abandoned." *Id.* at 198.

## III. DISCUSSION

### A. Defendants Have Waived Any Defenses to These Claims and Has Admitted the Facts Detailed in Plaintiff's 56.1 Statement

Here, Defendants have elected not to oppose Plaintiff's motion for summary judgment. The Court established a clear deadline by which Defendants, who are represented by counsel, were required to file their opposition. They did not do so. Defendants' election not to oppose the motion and its abandonment of any defenses to the claims that are the subject of the motion are manifest.

Because Defendants are counseled and knowingly elected not to oppose the motion, the Court concludes that it is appropriate to consider Defendants to have abandoned any possible defenses to Plaintiff's claims that are the subject of the motion for summary judgment. *Jackson*, 766 F.3d at 196.

Moreover, the Court deems the assertions in Plaintiff's 56.1 Statement to be admitted. "The purpose of Local Rule 56.1 is to streamline the consideration of summary judgment motions by freeing district courts from the need to hunt through voluminous records without guidance from the parties." *Holtz v. Rockefeller & Co.*, 258 F.3d 62, 74 (2d Cir. 2001). Local Rule 56.1 requires a party

6

moving for summary judgment to submit "a separate, short and concise statement" setting forth material facts as to which there is no genuine issue to be tried.  Local Rule 56.1(a).  A party opposing summary judgment must respond with a statement of facts as to which a triable issue remains.  *See* Local Rule 56.1(b).  The facts set forth in a moving party's statement "will be deemed to be admitted unless controverted" by the opposing party's statement.  Local Rule 56.1(c).

"[A] non-response [to a motion for summary judgment] runs the risk of unresponded-to statements of undisputed facts prof[f]ered by the movant being deemed admitted." *Jackson*, 766 F.3d at 194; *see also id.* at 196 ("[T]he opponent to such a motion is free to ignore it completely, thereby risking the admission of key facts and leaving it to the court to determine the legal merits of all claims or defenses on those admitted facts.").  Here, Defendants accepted that risk by opting not to oppose the motion or to controvert the facts stated in Plaintiff's 56.1 statement.  Defendants did so notwithstanding the fact that the Court specifically reminded parties of the consequences of failure to controvert properly facts asserted in their opponent's 56.1 statement during the pre-motion conference.  It is appropriate for the Court to deem the facts asserted in Plaintiff's 56.1 Statement to be admitted under these circumstances.[2]

### B.    Plaintiff Is Entitled to Summary Judgment on Its Claims for Breach of Contract with Respect to the Note and the Guaranty

Plaintiff's legal theory with respect to its claim for breach of contract is sound.  "Under New York law, the elements of a claim for breach of contract are '[i] the existence of an agreement, [ii] adequate performance of the contract by the plaintiff, [iii] breach of contract by the defendant, and [iv] damages.'" *Abraham v. Leigh*, 471 F. Supp. 3d 540, 556 (S.D.N.Y. 2020) (quoting *Harsco Corp. v. Segui*, 91 F.3d 337, 348 (2d Cir. 1996)).  The elements for a claim involving a breach of guarantee claim are similar.  Plaintiff must show:  "(1) that it is owed a debt from a third party; (2) that the

---

[2] The Court has reviewed the record presented to the Court in support of the statements of fact contained in Plaintiff's 56.1 Statement and concludes that the relevant facts are adequately supported by record evidence.

defendant made a guarantee of payment of the debt; and (3) that the debt has not been paid by either the third party or the defendant." *Chemical Bank v. Haseotes*, 13 F.3d 569, 573 (2d Cir. 1994); *see also VW Credit, Inc. v. Big Apple Volkswagen, LLC*, No. 11 Civ. 1950, 2012 WL 919386, at *4 (S.D.N.Y. Mar. 15, 2012) ("On a motion for summary judgment to enforce an unconditional guaranty, the creditor must prove the existence of the guaranty, the underlying debt and the guarantor's failure to perform under the guaranty.") (citation omitted). In other words, "[i]n an action based on notes and guaranties, a plaintiff may establish prima facie entitlement to summary judgment by demonstrating both the execution of the agreements at issue and nonpayment thereunder." *Signature Bank v. HKD Prods., Inc.*, No. 12 Civ. 6149, 2013 WL 1130247, *2 (S.D.N.Y. Mar. 19, 2013).

The undisputed facts presented in the record clearly support Plaintiff's motion for summary judgment with respect to its claim for breach of contract and breach of the guarantee. The Court accepts the invitation not to "robotically replicate the []movant's statement of undisputed facts and references to the record . . . ." *Jackson*, 766 F.3d at 197. The Court has reviewed the record presented in support of the motion and concludes that the facts presented in support of the motion clearly establishes Plaintiff's right to judgment on the Note and the Guaranty.

The undisputed facts demonstrate the existence of a valid and enforceable promissory note. On December 23, 2019, Spotible executed and delivered the Note to Santander in the principal sum of $92,000.00. 56.1 Statement ¶ 6. The Note was validly assigned to Plaintiff. *Id.* The transfer of the Note to Plaintiff before this action commenced is sufficient to establish standing. *Gustavia Home, LLC v. Rutty*, 785 F. App'x 11, 14 (2d Cir. 2019) (summary order).

The record also establishes that Spotible defaulted under the Note. The last payment on the Note was made on November 30, 2024. 56.1 Statement ¶ 12. Spotible failed to make any further payments and was in default as of December 31, 2024. *Id.*

In sum, the facts show that Spotible entered into the Note, that the Note was validly assigned to Plaintiff, and that Spotible breached the Note by failing to repay the amounts that it owed when due.  As of May 26, 2026, Spotible owes Plaintiff the principal sum of $89,200.00, together with interest from November 30, 2024 in the sum of $23,140.46, for a total sum of $112,340.46.  56.1 Statement ¶ 14.

The undisputed record also establishes each element of a claim on a commercial guaranty. First, Spotible owes a debt to Plaintiff.  Second, Mr. Ghavami made a guarantee of payment of that debt by executing the Guaranty.  *Id.* ¶ 7.  The Guaranty is an absolute and continuing guaranty of payment and performance of all of Spotible's obligations under the Note and expressly provides that Guarantor's liability is "unlimited."  Third, the debt has not been paid by either Spotible or Ms. Ghavami.  *Id.* ¶¶ 12, 14.  Defendants defaulted on December 31, 2024, and despite demand, have not repaid the sums due.  *Id.*  Accordingly, Plaintiff has established its prima facie entitlement to summary judgment against Defendant Ghavami on the Guaranty.  Because Defendants have not opposed the motion or offered any evidence to rebut the showing made in Plaintiff's motion, Plaintiff is entitled to the entry of judgment on its claim for breach of the Note and the Guaranty.

### C. Defendants' Affirmative Defenses Have Been Abandoned and In Any Event Are Without Merit

Because Defendants have abandoned their affirmative defenses by failing to oppose the motion, the Court need not address each defense.  Nonetheless, the Court has reviewed the fifteen affirmative defenses asserted in the Answer and concludes that none presents a cognizable defense to enforcement of the Note and Guaranty.  The defenses in the Answer asserting failure to state a claim, failure to perform, purported lack of documentary evidence, purported wrongful conduct by Plaintiff or its agents, waiver, laches, unclean hands, and unjust enrichment, lack of standing, failure to mitigate damages, excusable default, payment, lack of jurisdiction, and lack of consideration are

wholly conclusory and unsupported by any factual basis. *GEOMC Co. v. Calmare Therapeutics Inc.*, 918 F.3d 92 (2d Cir. 2019).

The statute of limitations defense is baseless:  the Note was dated December 23, 2019, the last payment was made on November 30, 2024, and the action commenced on February 13, 2026, well within New York's statute of limitations for contract claims.  The standing defense is refuted by the allonge evidencing valid assignment of the Note to Plaintiff, and the transfer of the Note to Plaintiff prior to the commencement of this action.

### D.    Plaintiff is Entitled to Attorneys' Fees and Costs

The Note expressly provides that "Borrower agrees to pay all costs and expenses Lender incurs to collect this Note.  This includes . . . Lender's reasonable attorneys' fees and Lender's legal expenses . . . ."  Note at 2; 56.1 Statement ¶ 10.  The Guaranty similarly provides that Mr. Ghavami agrees to pay upon demand all of the lender's costs and expenses, including reasonable attorneys' fees, incurred in connection with the enforcement of the Guaranty.  Guaranty at 2.  And of course, under the Guaranty, Mr. Ghavami has guaranteed all of Spotible's obligations under the Note.  Plaintiff is therefore entitled to recover attorneys' fees and costs pursuant to the Note and Guaranty.  As attorneys' fees and costs in this action are continuing and will not be finally determined until the conclusion of the case, Plaintiff is directed to submit an affirmation and supporting documentation establishing the reasonable attorneys' fees and costs to which it is entitled within fourteen (14) days of the date of the entry of this opinion.

### IV.    CONCLUSION

Plaintiff's motion for summary judgment is GRANTED.  Defendants Spotible, Inc. and Dana Ghavami are jointly and severally liable for the principal sum of $89,200.00, together with interest from November 30, 2024 through May 26, 2026 in the sum of $23,140.46, for a total sum of $112,340.46, together with interest continuing to accrue at the default rate set forth in the Note from and after May 26, 2026 until the date of judgment.

Within 14 days of the date of this opinion, Plaintiff is directed to submit an affirmation and supporting documentation establishing the amount of reasonable attorneys' fees and costs to which it is entitled.  Plaintiff is also directed to submit a calculation of interest due on the Note through the date of that submission, together with a calculation of the interest due on the Note should it remain unpaid as of each of the 30 days following the date on which Plaintiff's supplemental submission is provided to the Court.  While the issue of Defendants' liability under the Note and the Guaranty is finally established by this opinion and order, the Court will not enter judgment until the full amount of Defendants' liability, including attorneys' fees and expenses, have been determined.

The Clerk of Court is directed to terminate the motion pending at Dkt. No. 32.

SO ORDERED.

Dated:  June 28, 2026

_____
GREGORY H. WOODS
United States District Judge

11